FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALLACE GARY ROBERTO AND LORI LYNN ROBERTO,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT.COM, LLC; AFFINIA DEFAULT SERVICES, LLC; MCCALLA RAYMER LEIBERT PIERCE, LLP,<br><br>Defendants. | No. 2:25-CV-00090-RLP<br><br>**ORDER GRANTING MOTION TO DISMISS** |

BEFORE THE COURT is Defendants' Motion to Dismiss based on lack of subject matter jurisdiction, insufficient failure of service of process and failure to state a claim, ECF No. 14. Defendants are represented by Nicholas A. Reynolds. Plaintiff Lori Lynn Roberto is *pro se*.[1] Wallace Gary Roberto is deceased.

---

[1] Plaintiff Lori Lynn Roberto purports to be represented by Elizabeth April Weddle as her attorney-in-fact. However, Ms. Weddle does not appear to be an attorney or member of the bar. As such, Ms. Weddle lacks authority to represent Ms. Roberto in this matter. *See Johns v. County of San Diego*, 114 F.3d 874, 876-

ORDER GRANTING MOTION TO DISMISS ~ 1

Defendants' motion was filed on June 12, 2025 and noted for hearing without oral argument on July 14, 2025. As of the date of this Order, no briefing has been filed in response to Defendants' motion. Nor has any action been taken in the case on behalf of Plaintiffs.

For the reasons explained below, the Court grants Defendants' motion to dismiss based on failure of service of process. As required by the applicable court rule, dismissal is without prejudice.

## FACTS/BACKGROUND[2]

In February 2022, Wallace Gary Roberto and Lori Lynn Robert signed a promissory note stating that they owe $226,000.00 to LoanDepot.com. ECF No. 1-1, 26-27. On March 1, 2022, a Deed of Trust was recorded, transferring the Robertos' rights in the property commonly known as 5410 W. Princeton Pl., Spokane, WA 99205 (the "Property") to a trustee for the benefit of Mortgage

---

77 (9th Cir. 1997) (explaining a non-attorney may appear *pro se* on their own behalf but has no authority to appear as an attorney for others).

[2] The facts cited in the operative complaint are unclear and difficult to decipher. Thus, the Court takes the facts from Defendants' Motion to Dismiss. Defendants note that any facts cited from Plaintiffs' Complaint are not accepted or admitted by the moving Defendants, but only assumed true for the purpose of considering the instant Motion to Dismiss. ECF No. 14 at 3.

ORDER GRANTING MOTION TO
DISMISS ~ 2

Electronic Registration Systems, Inc. ("MERS"), nominee for LoanDepot.com. ECF No. 14-1, Exh.1.[3]

On or about July 30, 2024, MERS transferred its interest in the Property to Defendant LoanDepot.com via an Assignment of Deed of Trust, recorded in the official records of Spokane County under No. 7363705 on July 31, 2024. *Id*. at Exh. 2.

On or about April 1, 2024, the Robertos' mortgage loan ("the Loan") account serviced by Defendant LoanDepot.com became delinquent due to the Robertos missing the monthly payment due. ECF No. 14 at 4. Since that time, no payment has been made. *Id*.

Plaintiff Wallace Roberto died on or about November 18, 2024. ECF No. 1-1 at 108.

On March 21, 2025, Lori Lynn Roberto filed the Complaint initiating this action against Defendants LoanDepot.com, Affina Default Services, LLC and

---

[3] On March 17, 2022, the Robertos received a notice that Fannie Mae purchased their mortgage loan for the Property. ECF No. 1-1, 64. The Complaint alleges that LoanDepot.com was unjustly enriched from this sale, but the allegation is not supported by any additional details. The Notice states that payments are still to be made to LoanDepot.com.

ORDER GRANTING MOTION TO
DISMISS ~ 3

McCalla, Raymar, Liebert, Pierce LLC[4] ("MRLP"). ECF No. 1. It appears to plead the following causes of action: 1) Violation of the federal Real Estate Settlement Procedures Act; 2) Violation of the Fair Credit Reporting Act; 3) Violation of the Fair Debt Collection Practices Act; 4) Quiet Title; 5) Permanent Injunctive Relief; 6) Violation of the Washington Consumer Protection Act; and 7) Common Law Fraud. ECF No. 1.[5]

## ANALYSIS

Defendants cite three bases for dismissal (1) lack of subject matter jurisdiction and standing, (2) failure of service of process, and (3) failure to state a claim. Each is addressed in turn.

*1. Subject Matter Jurisdiction/Standing*

Defendants argue that the Complaint must be dismissed for lack of standing because Plaintiff Wallace Roberto is deceased and there is no indication his estate has been probated or that Ms. Roberto has received authorization to act on behalf of his estate. Without the appropriate authorization, Ms. Roberto lacks authority to sue or otherwise act on behalf of an estate. *See Williams-Moore v. Estate of Shaw*, 122 Wn. App. 871, 876-78; 96 P.3d 433 (2004).

---

[4]MRLP served as LoanDepot.com's foreclosure attorney.

[5]As noted, Plaintiffs' Complaint is difficult to decipher.

ORDER GRANTING MOTION TO DISMISS ~ 4

The Court agrees with Defendants that, based on the current record, Ms. Roberto lacks authority to sue on behalf of estate of Wallace Roberto. But Ms. Roberto is also a plaintiff and was a party to the 2022 promissory note. Defendants motion does not explain why Ms. Roberto lacks standing to sue on her own behalf. Thus, Defendants' arguments regarding standing do not justify dismissing this matter in its entirety.

*2. Failure of Service of Process*

Defendants assert that over 90 days have passed since the filing of the Complaint and yet they have not been served with process as contemplated by FRCP 4(e). The only evidence of effort at service is an April 18, 2025 court filing, indicating that copies of the summons and complaint were mailed to two of the three defendants. *See* ECF No. 9. This is not sufficient. *See* FRCP 4(e)(explaining acceptable methods of service, none of which include service by mail). Plaintiffs have the burden of establishing adequate service. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). *Pro se* status is no excuse. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). Plaintiffs have not responded to Defendants' motion, arguing lack of service. The Court is left with no option but to dismiss this matter based on lack of service. *See* FRCP 4(m). A dismissal under this rule is "without prejudice."

//

ORDER GRANTING MOTION TO
DISMISS ~ 5

*3. Failure to State a Claim*

Defendants argue that the Complaint is difficult to decipher and fails to allege a cognizable cause of action. The Court tends to agree. Under FRCP 8(a), a complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). Here, the Complaint consists of citations to numerous bodies of law without alleging a single cause of action or reciting facts that support any of the legal theories. This fails to comport with FRCP 8(a).

Plaintiffs have been notified of the deficiencies in their Complaint by way of Defendant's motion to dismiss. Yet Plaintiffs have not filed any response.

While the Complaint appears to assert a viable cause of action, the lack of service of process means the Court lacks jurisdiction over Defendants. It therefore would be impermissible to issue a judgment on the merits. *See Crowley*, 734 F.3d at 974.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss for lack of service of process is **GRANTED.** This matter is dismissed **without prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to the parties and to counsel, and to close this file.

**DATED** September 4, 2025



_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION TO DISMISS ~ 6